IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

David Anthony Babb, Pro se
    Plaintiff,

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

SEE ATTACHED

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Non-Prisoner Complaint)

Case No. 2:23-cv-3218-RMG-MHC
*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes    ☐ No
*(check one)*

RECEIVED USDC
CLERK, CHARLESTON, SC
2023 JUL -6 PM 3:28

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

1

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | David Anthony Babb |
| Street Address | P. O. Box 522 |
| City and County | Charleston, Charleston |
| State and Zip Code | 29402 |
| Telephone Number | (864) 329-7099 |

    **B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | David Isom |
| Job or Title (if known) | General Manager for Safe Harbor Marina, CHS City |
| Street Address | 7 Lockwood Blvd. |
| City and County | Charleston, Charleston |
| State and Zip Code | South Carolina, 29401 |
| Telephone Number | (843) 577-7702 |

☑ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Rudy Socha |
| Job or Title (if known) | CEO, Wounded Nature |
| Street Address | |
| City and County | |
| State and Zip Code | South Carolina |

2

|  |  |
|---|---|
| Telephone Number | (843) 764-7748 |

☑ Individual capacity     ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | William Ladue |
| Job or Title (if known) | S. C. Dept. of Natural Resources Conservation Officer |
| Street Address | 217 Fort Johnson Rd. |
| City and County | Charleston, Charleston |
| State and Zip Code | S. C.   29412 |
| Telephone Number | (843) 953-9301 |

☑ Individual capacity     ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Mayor John J. Tecklenburg and |
| Job or Title (if known) | Charleston City Council Board Members |
| Street Address | 80 Broad St. |
| City and County | Charleston, Charleston |
| State and Zip Code | S. C.   29401 |
| Telephone Number | (843) 577-6970 |

☐ Individual capacity     ☑ Official capacity

Defendant No. 5, etc are a DHEC agent, unknown, and others to be named once discovered in discovery

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐   Federal officials (a *Bivens* claim)

☑   State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If

3

1. B. The Defendants

    Charleston City Police Officer, Mike Merrill
    180 Lockwood Blvd.
    Charleston, S.C.  29401

you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

14th Amendment rights to due process and equal pro-

tection under the law; First Amendment rights of

expression, violations of the S.C. Public Trust

Doctrine, and discriminatory acts under the 14th

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED IN Section III Claims A-C.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Charleston, S.C. Ashley River - 7 Lockwood Blvd., Safe

Harbor Marina; and Social Media of Rudy Socha, and

written communications via U.S. Mail with DHEC agent

Mr. Benjamin Stone, and 80 Broad St. Charleston City Council Board.

4

III.     Statement of Claims

## CLAIM ONE

Over the course of three years, law enforcement Officers from various agencies have moved in a conspiracy in an effort to have Plaintiff's vessels moved from the federal waters of the eastern side of the Ashley River on the rationale that because of Plaintiff's indigence his vessels, according to them, are an eye sore. In furtherance of the conspiracy to violate Plaintiff's rights pursuant to the Public Trust Doctrine, and acting under color of law, Rudy Socha (Socha), CEO of Wounded Nature, caused communications on his social media page to embarrass, harass, and for others to shun Plaintiff. These act(s) were an effort to cause and/or prevent Plaintiff from utilizing and enjoying the waterways as the Public Trust Doctrine provides for. Defendants acts were a direct violation of Plaintiff's 14th Amendment rights to due process and equal protection under the law.

## CLAIM TWO

During the early part of May of 2022, several individuals from various law enforcement agencies, names presently unknown, including Socha who all acted under color of law, met at Safe Harbor Marina (SHM) with the General manager, Mr. David Isom (Isom) to discuss and formulate a plan on how to get rid of this Plaintiff. Acting under color of law their plan went into action.

Their conspiracy caused for the SHM/Beach Co. Parking Manager, Ms. Monique Hamilton, to stop receiving monies from the Plaintiff for parking in the public lot of 17 Lockwood Blvd.; an act in which Plaintiff continued since 2012. Their rationale was that if Plaintiff could not park his vehicle in the public lot at 17 Lockwood Blvd. that it would become too burdensome for Plaintiff to get to his vessels and that such inconvenience would cause for Plaintiff to move away. Plaintiff's due process to equal protection rights were violated by these individuals.

## CLAIM THREE

Socha, acting under color of law, posted on his social media page that if anyone had and/or was using a mooring ball that such was in violation of South Carolina Department of Health and Enviromental Control (DHEC) Rule 30 and that such would be removed. Following Socha's unlawful Notice to remove mooring balls, he went on a cutting spree dislodging boaters rodes and it is believed that on one incident his act(s) were responsible for sending a vessel drifting until it became lodged on the nearby bank of land on the western side of the Ashley River. The acts were committed with law enforcement agents viewing his acts; and with at least one Charleston City Council member, Mr. Mike Seekings (Seekings), who communicated to Plaintiff on May 9th of 2023 that he was aware of these acts. Also, some mooring balls were taken while the boaters were out o0erating their vessels. Without any court order Socha's acts caused the federal anchorage to become littered with chains in

length of 150' saturated with oysters; such debris is a form of anchoring hazards. These acts of negligence, theft, and destruction of federal property harm this Plaintiff in as much that he forms the opinion that the public is expected to enjoy federal public land and not to suffer unexpected booby traps/spoiled area. This spoiled area of the federal anchorage is where law enforcement agencies have been adamant for Plaintiff to move his vessel to. Plaintiff's due process to equal protection rights are violated.

## CLAIM FOUR

Socha and other law enforcement agents from various agencies, all moving under color of law, to include the Department of Natural Resources (DNR), Conservation Officer William Ladue (Ladue), DHEC, and Charleston City Police Officer Mike Merrill (Merrill) moved to violate Plaintiff's First Amendment Rights to express his opinion of the public official Mrs. Angela Mack, Director of the Gibbes Museum, who has fraudulently advanced electronic aided paintings as opposed to true natural talented paintings.

## CLAIM FIVE

The acts of Socha and Charleston City Police Officers, including Merrill, engaged in a conspiracy to have the Charleston City Council Board Members (Board), all acting under the color of law, to breach a fiduciary duty of public trust. The proposed regulations are in direct violation of the Public Trust Doctrine over the S.C. waterways.

## CLAIM SIX

The acts mentioned in CLAIM FIVE moved Seekings to being to the floor on the May 9, 2023, Board meeting to supercede the State of S.C.'s regulatory powers. Moreover the Board adopted the regulations which were inconsistent with State of S.C. law; prepared and created by the Folly Beach Town Council which acted on such. The Board, without any public reading, signed into their ordinance on May 23, 2023. Their ordinance even includes areas over federal zoned waters. The act(s) of this Board violate the S.C. Public Trust Doctrine and their onerous ordinance violates the rights of the indigent class from ever being able to enjoy the waterways. Their acts violate and discriminate against the indigent class of society and such is a violation of Plaintiff's 14th Amendment rights.

## CLAIM SEVEN

A female DHEC agent and Ladue retaliated against Plaintiff for excercising his First Amendment Rights for Petitioning the Secretary of Interior and the United States Coast Guard (USCG) in an effort to have the eastern side of the Ashley River converted into a special anchorage area for the disabled.

## CLAIM EIGHT

The State of S.C. has breached its fiduciary duty with regards to the Public Trust Doctrine. The State has allowed for the City of Folly Beach and Charleston's Board to prevent indigent people from enjoying the waterways; thus, the City Council of Charleston has moved unconstitutionally.

III.    Statement of Claims, section C

FACTS

CLAIM ONE:

DNR agents arrived at Plaintiff's vessel requesting that he move. Charleston City Police Officers arrived threatening citations for not operating a night mast anchor light during night time hours; despite that the area is well lit from the USCG Ashley River base, SHM, and during that period of time flood lights from the Jasper construction burned all night. Moreover, mast lights are not required by law in anchorages.

On or around July 20, 2021, Socha began maneuvering through his social media page to have others develop a dislike towards Plaintiff. Socha's efforts were under color of law and aimed at accomplishing the law enforcements agenda. In November of 2021 DHEC moved with a harassing investigation against Plaintiff, claiming that he did not first get their permission to anchor his vessel.

CLAIM TWO:

On May 6, 2022, at 12:45 p.m. Plaintiff received a telephone call from Ms. Monique Hamilton, parking manager of SHM, wherein she apprised Plaintiff that she could no longer accept monies from him for parking. Plaintiff questioned Ms. Hamilton for the reasons and she replied that, "It has something to do with DNR and the city.

Plaintiff texted Socha asking of him as to whether or not he introduced himself as a DNR agent to SHM. Socha communicated to Plaintiff that a meeting was held at SHM to discuss ideas on how to get rid of the Plaintiff. Socha further explained that a DNR agent,

v

a DHEC agent, Mr. Isom, and himself were all there to develop a ousting plan. Socha furthered the communication by apprising Plaintiff that because he suffered a felon conviction for drugs in 1992 that he was considered a high profile risk for both the USCG and SHM.

The conspiracy of all of these individuals was under color of law and was set into motion. Ms. Hamilton, for her acts of disclosing the matter to Plaintiff, was threatened with termination of her employment by Isom.

CLAIM THREE:

The agents devised a scheme to get rid of boats by claiming that they were violating the law; to wit, DHEC Rule 30. If a boater utilized a mooring ball and/or if a boater did not receive prior permission from DHEC before anchoring, then Socha began seizing vessels's and personal property without any court order. These acts occurred under color of law from 2021 to present. However, Socha's acts over the federal anchorage violated 16 U.S.C. § 3 (Interior); title 36 Code of Federal Regulations and 18 U.S.C. § 3571.

CLAIM FOUR:

Various law enforcement agencies brought the Govenor of S.C., Henry McMaster, to Plaintiff's vessel in an effort to have the Govenor cause for a law to become available to have Plaintiff's vessel become removed; this event was aired on live 5 news of local CBS channel on August 24, 2022.

vi

In or around 2012, Plaintiff removed items of debris from out of the adjacent marsh alongside Lockwood Blvd. and began placing them on his vessel; <u>Cirrhosis of the River</u>. It was while cleaning up the marsh that Plaintiff realized that his vessel could be used as an art installation; refering to it as "Garbage." Plaintiff opines that if painting were analogous to singing then the word tracing is synonomous to lip synching. Plaintiff had an article published in the Post & Courier stating that 98% of all of the realism paintings and drawings in Charleston are a product of tracing. Since the Director of the Gibbes Museum, Mrs. Angela Mack, provided the community with numerous projected traced art shows, that this Plaintiff could use his First Amendment rights to express his opinion. Thereby as the community buys art, that is accomplished without the necessity of any natural talent, to hang and view, Plaintiff therefore gives them garbage to view. Moreover, the debris collected from the marsh once belonged on a wealthy person's vessel prior to storms blowing the items into the marsh.

Furthermore, Plaintiff has a Petition before the Federal Trade Commission requesting for regulations to exist where computer-aided paintings have to be tagged as such and that if museum directors show electronic aided paintings as Mrs. Mack has repeatidly done with such exhibits as Mary Whyte, Jill Hooper, West Fraser, and others that such methods of tracing should be disclosed tothe potential consumers.

CLAIM FIVE:

On numerous occasions on televised news Socha and Merrill voiced their position that the City of Charleston should adopt the regulations in which Folly Beach adopted. The Plaintiff viewed the August 24, 2022 interview.

CLAIM SIX:

The minutes of the Boards May 9, 2023, and Ordinance No. 2023-097 support Plaintiff's CLAIM SIX.

CLAIM SEVEN:

Buildings and public walkways all across the United States provide handicap access; however, no section of any riverbed has ever been made available for the boaters that suffer disabilities such as: physical disabilities, old age, individuals carrying in the elderly and/or infants by way of dingies, and those that are forced to row ashore, who cannot afford sea worthy dingies. As a result, this Plaintiff moved on January 11, 2020, before the USCG and in November of 2021 before the Secretary of Interior with a Petition for a Special Anchorage for such needs as mentioned above. The request was and/or is for the area along the Ashley River adjacent to Lockwood Blvd. in becoming an anchorage for those with special needs. At more times than not, crossing the Ashley River is far too dangerous for many to journey to the provided for federal anchorages. Plaintiff is in the category of indigence and is anchored in the federal waters near the USCG Ashley River base; however, its an area of federal waters not zoned for federal anchoraging.

On May 9th the unlawful regulations were provided to the Board; no other readings were provided to the public and the Board's minutes were not made public until later in June. By the time the May 23rd ordinance was made available for public viewing it was already signed into an ordinance; to wit, Ordinance No. 2023-097. Prior to discovering such, Plaintiff submitted his objections to the Board on June 1st and 7th, 2023; which apprised the Board that their acts of superceding State regulations were an unlawful act. Town Council along a beach and Charleston's City Council are not delegated to enact the laws of the State of S.C. They can make ordinances from established laws. Their acts are in direct violation of the law and such act(s) have caused for their Board to breach its fiduciary duty; moreover, their actions which the Attorney General allowed for thru Folly Beach Town Council's acts has caused the State of South Carolina to Breach its fiduciary duties.

Plaintiff also provided to the Board on June 1, 2023, his Petition before the Secretary of Interior and to the USCG; presently on appeal in the USCG's Sector Seven in Miami. The copies of such petitions caused for the Board to have DNR and DHEC retaliate against Plaintiff. On Wednesday the 7th of June, 2023 USCG Petty Officer Jason Reiling taxied DNR agent Ladue and a female DHEC agent to Plaintiff's vessel apprising Plaintiff that the State had granted to them the funds to utilize the area for a law enforcement area, and that the Army Corp of Engineers would be dredging the area. As a result, the agents and Reiling communicated that they would tow the Plaintiff up the Ashley River

ix

with his anchors dragging in tow. The Board moved to have these agents communicate such for retalitory purposes. An article was published on July 27, 1995 in the Post & Courier, "Stuck in the Mud" which discussed the toxic dioxin, a dangerous cancer causing agent, levels in the area. As a result, dredging this area was not favored.

CLAIM EIGHT:

The State of S.C. has breached its fiduciary duty with regards to the Public Trust Doctrine, whereby the Trustee's removal is the proper course. Town Council of Folly Beach superseded this State and the Attorney General allowed for such, and without any public readings the Board has engaged in the same unreasonable regulations. The minutes of the Board's May 9th meeting support such.

B.  What date and approximate time did the events giving rise to your claim(s) occur?

CLAIMS: ONE from 2020-2023; TWO from May 1-6th, 2022; THREE from 2021-2023; FOUR Aug. 24, 2022; FIVE May 9, 2023; SIX May 9-23, 2023; SEVEN June 7, 2023; EIGHT May 23, 2023.

C.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Plaintiff has suffered extreme depression, unnecessary anxiety, severe emotional distress due to public humiliation. Plaintiff is indigent and cannot afford medical treatment. Plaintiff suffered loss of employment, and approximately $ 1,500 in damages to his anchor rode as a result of Socha's acts. Loss of rights as provided for by the Public Trust Doctrine.

5

**V.     Relief**

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE ATTACHED

_____

_____

_____

_____

_____

_____

_____

_____

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____, 20__.

Signature of Plaintiff  _____

Printed Name of Plaintiff _____

## V. Relief

Upon information and belief Socha cut Plaintiff's easterly rode on his vessel which wasn't discovered until after Hurricane Ian passed; causing Plaintiff approximately $ 1,500 in damages. Further compensatory damages include loss of employment for having to deal with harassment from the various law enforcement agencies, Socha, Isom, DHEC, and the unknown agents. Plaintiff further moves for $75,000 in each Defendants personal capacity to include the unknown agents for the mental anguish caused by Defendants wrongful act(s), and $250,000 in punitive damages for each claim.

Plaintiff seeks both Declatory and Injunctive relief in that the Defendants in their Official Capacity that: an injunction issue preventing Defendants from molesting and/or moving Plaintiff's truck, 1985 Ford E-350, from a public parking facility where he has been paying monthly since 2012; to wit, 17 Lockwood Blvd. which is owned by the City of Charleston and leased to Safe Harbor Marina - Beach Co.; and that Plaintiff's vessels not be moved and or suffer further molesting of rode cutting. Declatory Relief in that Plaintiff has a right to lawfully anchor his vessels in the federal waters of the eastern side of the Ashley River wherein his vessels have been anchored since 2012; and that he is afforded equal protection rights of parking his vehicle as many others so enjoy.

Plaintiff further moves for an Order for reversal of authority of the waterbed rights; reversing the riverbeds back to federal control due to this State's breach of the Public Trust Doctrine. Declatory Relief to find that the City Council of Charleston and/or

6 i

Mayor John J. Tecklenburg's Ordinance 2023-097 is unconstitutional.

And that as discovery develops in this case that Plaintiff have leave to amend to include additional defendants and any unknown claims.

Last, that Socha become fined for each act of littering the federal anchorage and elsewhere, and that he be held to recover the rodes in which he willfully and intentionally released to the riverbed below.