**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

RECEIVED USDC
CLERK, CHARLESTON, SC
2024 MAY 24   AM II: 37

| | | |
|---|---|---|
| David Anthony Babb, | ) | **C/A No. 2:23-03218-RMG-MHC** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| David Isom, et al., | ) | |
| Defendants. | ) | **PLAINTIFF'S MOTION TO TAKE** |
| | ) | **JUDICIAL NOTICE** |
| | ) | |
| | ) | **Without Oral Arguments** |
| | ) | **dated May 22, 2024** |
| | ) | |
| | ) | **Expedited Hearing Requested** |

COMES NOW the Plaintiff, David Anthony Babb, as above stated and hereby moves pursuant to FED. R. EVID. 201 for an Order taking judicial notice of the fact that: Defendant Rudy Socha (Socha) has committed act(s) of vandalism without court order(s) and that his act(s) have caused others harm; moreover, during the course of his written admission to unlawfully moving vessels that belong to others, he supports that he is indeed a State Actor. As a result of Socha's unlawful acts many individuals have suffered, financial loss and hardship,  and this Plaintiff requests that certain communications within  (Dkt. No. 37 and 48) become adjudicative facts as relevant evidence; and in support of such the Plaintiff states as follows:

## I.   INTRODUCTION

The boating community was shocked to learn that the Charleston City Police Officer, Mike Merrill, Defendant Mike Merrill (Merrill) in this case was able to enact his own set of

laws, 2023-097; hereinafter, (Merrill's Laws). Merrill designed his laws for the sole purpose of harassing the boaters in which he sought out (Dkt. No. 36, Attachment 3 / Exhibit B at pg. 19); wherein Merrill states, "The boats we've had issue with...people squatting on them, those are the ones we target the most,..." [1] Many boaters fled the Charleston area when Merrill began enforcing his unconstitutional self-made laws which are in direct violation against both the State of SC and Federal Constitutions and laws; he threatened impoundment for not having $300,000 in insurance. Others who did not depart the area unwillingly joined the boating plan in which Merrill's Laws require; however, they did so due to Merrill's threats of impoundment and/or incarceration, and only because they could acquire funds.

This Plaintiff neither fled nor joined, he fights for his constitutional rights of freedom, liberty, and property as our Constitution provides for. And in pursuit of such, Plaintiff has attached to his Second Amended Complaint (SAC) the Defendants acts involving conveying federal public use lands to themselves in an effort to capitalize for corporate gain; (CLAIM TWO) in SAC. As such, Plaintiff ask that this Court take judicial notice thereof, including that the permit 04513 (Dkt. No. 12, Exhibit Y), issued to Socha and/or his so-called non-profit 501(c)(3) Wounded Nature-Working Veterans (WN-WF) which is an unlawful permit as Socha does not own the adjacent land beside the area that he has partially developed; (Dkt. No. 12, Exhibit A). Moreover, the Charleston Recorder of Deeds Dept. land plat specifically states that this area cannot be developed as it is listed as "UNDEVELOPABLE"; (Dkt. No. 12 Exhibit K). Even more disturbing is that Socha, who neither owns the adjacent land nor can comply with South Carolina Coastal Zone Management Council's (SCCZMC) provisions of application qualifications, being that one must own the adjacent land in order to receive an application,

---

[1] Merrill has a difference of opinion to those who chose and/or are forced, due to financial reasons, to liveaboard their vessels. Obviously due to the enactment of his laws such is an unlawful act.

2

somehow claims that he has received permission from the owners of this federal water to allow for his unlawful development; (Dkt. No. 37, at paragraph no. 4). The City of Charleston (CCHS) owns the land adjacent to the area of federal water, however, it is a protected bird sanctuary; Bill 777 S.C. Code § 50-11-980, which is UNDEVELOPABLE LAND; Plat file no. 4570604001. More egregious is that in his unlawful development (Dkt. No. 12, Exhibit Y) Socha uses an address approximately one half mile away from the development site; that of the office of Defendant David Isom (Isom) and/or Safe Harbor Marina (SHM) (Dkt. No. 12, Exhibit Y). These facts are to become adjudicated facts in support of Plaintiff's Second Amended Complaint that certain individuals are moving to condemn federal public use lands for their corporate gain and that indeed Socha is a State Actor as is supported in his letters to this Court (Dkt. No. 37 and 48 at paragraph no. 2 on the last unnumbered page, "We were live time texting with 5 law enforcement officers...".

## II.  **ARGUMENT**

"Traditionally, judicial notice has been used to eliminate the need for formal proof by the introduction of evidence of certain matters which either are so universally known and accepted as to be beyond doubt or matters which, while not universally known, are so certain [] as to be beyond doubt." 60 Am. Jur. Proof of Facts 3d 175 (2001). A Court may take judicial notice of adjudicative facts that are not subject to reasonable dispute where (1) they are generally known within the Court's territorial jurisdiction; or  (2) they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See FED. R. EVID. 201 (a)-(b). The facts surrounding CLAIMS TWO and THREE, including those about which Plaintiff seek judicial notice, meet the test enunciated in Rule of Evidence 201, see Hammond v. Schappi Bus Line, 275 U.S. 164, 170-172, 48 S.Ct. 66, 72 L.Ed. 218 wherein it was held that the lower courts

3

had not made findings upon crucial questions of fact. The Supreme Court held that before the questions of constitutional law, both novel and of for reaching importance, were passed upon by this Court, "the facts essential to their decision should be definitely found by the lower courts upon adequate evidence." at 69.

   a.    Socha has chosen to forward two letters to this Court; to wit:  (Dkt. No. 37) and (Dkt. No. 48).  The acts of Socha were a willing act of which he has in essence made an answer to Plaintiff's  Second Amended Complaint.   Moreover, Socha has admitted to the acts of vandalism to Ed Bulger's (Bulger) vessel; *TITI IV*.  However, in his admittance he uses the word "we".  On page two of (Dkt. No. 37, at paragraph numbered five (5)) it states, "SC DNR and I tried contacting Mr. Bolger to request he move his boat out of that area and into the anchorage area.   Mr. Bolger could not be found, and he had changed his phone number, so SC DNR placarded his boat to start the abandoned boat process which after 45 days it then becomes abandoned.  After 60 days <u>we</u> moved Mr. Boger's boat…." (the remainder omitted and emphasis added on the word "we" ).  Socha's chosen word; to wit: "we", opens the door that Socha is indeed a state actor and Plaintiff is therefore  entitled to discovery to determine if he is an agent for the State of SC, for Charleston County, and/or for multiple counties; or all of the above. Plaintiff's SAC list him as a proxy for law enforcement.

   b.    The Magistrate has stated that Socha is not a State actor (Dkt. No. 26, at pages eight (8) and ten (10);  however, here Socha provides evidence that he is moving through SC State Statute of Title 50 with abandoned vessel, along with SCDNR,  and then without any court order moved *TITI IV,* and anchored it. The Board transcript of May 9, 2023, (Dkt. No. 12, Exhibit  E ) and/or (Dkt. No. 36, Exhibit B),  supports that Socha moved 144 vessels.  Plaintiff

witnessed SCDNR Agent William Ladue tag Bulger's vessel on June 7, 2023;   See (CLAIM TWO) , Plaintiff's TRO filed in September of 2023 (Dkt. No. 12, Exhibit AA in footnote no. 3 at pg. 30), and (Dkt. No. 18).

      c.     Socha's admittance that he is indeed a State actor (Dkt. No. 37, at paragraph no. 5), (Dkt. No. 12, Exhibit E), and (Dkt. No. 48, at paragraph no. 2) that numerous people have suffered encounters with his acts of vandalism (Dkt. No. 12 at Exhibit G) and (Dkt. No. 47, Attachment 2/ Exhibit B) that such results are adjudicative facts not subject to reasonable dispute.

      d.     CCHS Council Board Member (Board) Mike Seekings (Seekings) stated on May 9, 2023, to the Plaintiff that he was aware of Socha's acts with cutting the rodes and absconding the personal property of others;  Seekings further said that the police were witnessing his acts "I'm aware of that, but the police are in close proximity observing him." (Dkt. No. 12, Exhibit G at paragraph no. 30).

      e.     For what reason does Socha ride around all day, practically every day, absconding mooring balls and sabotaging personal property of others?  Is the CCHS paying Socha?  Is the State of SC paying Socha?

      f.     ( Dkt. No. 37 and 48) overcome "speculative" and "immediacy" as Socha is known for his acts of vandalizing; a term has been coined after his unlawful and unconstitutional acts in which if one has suffered a loss mooring ball, rode and anchoring system, or an entire vessel, then they have been Socha-lized.

g.     Plaintiff's Petition before the Department of Interior (Secretary) sparked Socha and others to condemn the twelve acre area, to prevent a Special Needs Anchoring Area; see (CLAIMS TWO and FIVE).

1.     **Socha's assaults on mooring balls and Merrill's assaults with his made up laws in a Federal Anchorage and the results are "Adjudicative Facts" Not subject to Reasonable Dispute**

An "adjudicative fact" – as opposed to a "judicial" one is a fact "about the parties or the issues to which the law is applied, usually by the jury, in the trial of the case." Savage Logistics, LLC v. Savage Servs. Corp. No., CV-15-5015-EFS, 2015 WL 6141323, at *1 (E.D. Wash. Oct. 19, 2015)(citing FED. R. EVID. 201(a), Adv. Comm. Note to 1972 amendment). "Legislative facts, by contrast, are facts which in some fashion relate to determination and interpretation of applicable law." 60 Am. Jur. Proof of Facts 3d at 175. The assaults against boaters rights conducted by Merrill and others off of Merrill's made up laws, not recognized by the State of SC General Assembly, have affected many boaters causing much harm and distress; which violates the Public Trust Doctrine's guarantees as are afforded to each individual. And prior to the establishment of Merrill's Laws Socha ran on his and/or WN-WF's social page that to use a mooring ball was an unlawful act in violation of DHEC'S REG 30. Thereafter, without any court orders, Socha began attacking vessels that had a mooring ball within its rode system and absconded the owners mooring ball and in essence disrupted their anchoring system; ( Dkt. No. 12, Exhibit G, at paragraphs 25-34). In some cases he totally destroyed their anchoring system and not only caused a substantial loss to the property owner but also molested a federal anchorage; causing for snares and possible booby traps which could be life endangering to some; (Dkt. No. 30, pages 14-15.). Both of these attacks against the boater's rights of enjoyment and

personal property are adjudicative facts; absent judicial notice, the jury would typically make a factual finding about these matters, to which the law would be applied.

Furthermore, the continual attacks from both Merrill and Socha are not subject to reasonable dispute. Many CCHS residents and boaters witnessed both Merrill and Socha on their televised segment on May 9, 2023, on their plan to move Plaintiff's vessels, and again regarding Socha's April 25, 2024, aired segment (https://www.live5news.com/2024/04/29 /lowcountry-nonprofit-working -better-waterways-one-buoy-time/). On August 25, 2022, Socha and the SC Governor Henry McMaster visited *Cirrhosis of the River* and/or *"Garbage"*.[2] In any event, after Plaintiff informed one of the Officers that he intended to forward a portion of the news clip with the SC Governor's image in close proximity to *"Garbage"* to ARTnews magazine, that portion providing Governor McMaster's image was soon thereafter removed from the WCSC-TV digital clip. As a result, Plaintiff had to insert Governor McMaster into uniform to be a crew on *Cirrhosis of the River* ; (SAC at CLAIM SEVEN). The staff at Grey television can confirm whether or not that they rode by in a vessel in the early morning hours by Plaintiff's vessels and whether or not that portion was omitted from their clip. Nevertheless, the newscasts are documented as are the Livability Court's Records with those who have received citations from Merrill's made up laws. Thus, these facts are amenable to judicial notice pursuant to FED. R. EVID. 201.

## 2.    The Assaults and Their Results are Generally Known Within the court's Territorial Jurisdiction

That the mooring ball assaults throughout the federal waters by and through Socha and others associated with him is known within the boating community here in the Charleston area.

---

[2]    Plaintiff's art installation represents the Charleston's art scene in realism art as Angela Mack of the Gibbes Museum and practically all CCHS galleries sell to the public electronic aided drawings and paintings as opposed to real natural talented paintings.

They are a matter of common-knowledge; often referred to as one has been Socha-lized when they return to their vessel and their mooring ball is missing, or should one choose to go for an evening sail and return to find their entire system has been destroyed. (Dkt. No. 12, Ex. G, at paragraph no. 28).

Plaintiff's initial Motion for a Temporary Restraining Order (TRO)  against Socha, submitted on September 8, 2023, and filed on September 11, 2023, explicitly explains Socha's acts and those that suffered  (Dkt. No. 12, Exhibit G).  Over the course of waiting for a ruling  on Plaintiff TRO Plaintiff provided others who were Socha-lized; including, Zach Noble, the owner of the sailboat *Cheers,* and Stephan Reyka.  When Plaintiff questioned these people as to whether or not they contacted Socha they stated that they did and that Socha openly admitted to the act of vandalism and that Socha's rationale was that their mooring ball was in violation of the law.  It is true that DHEC does have a Regulation 30, however, that is for owners of land who want to place a mooring in front of their lot.  Regulation 30 has nothing to do with a federal anchorage and Socha and the law enforcement were misusing the statute for its original intent.  Ironically, however, Socha's acts of removing mooring balls is so that he can install mooring balls and condemn 12 acres of federal public use lands. Thus, the Court is authorized to take judicial notice of these facts, none of which are subject to reasonable dispute. Only through discovery can it be proven that a larger scale of land condemnation is in the plan.

**3.     The mooring ball assaults and removal and vandalism to *TITI IV* and Their Results Can Be Accurately and Readily Determined from Sources Whose Accuracy Cannot Reasonably Be Questioned**

The January 9, 2024, storm which hit Charleston and carried with it six vessels which caused hundreds of thousands of dollars in damage at the Harborage in the Ashley River was

8

recorded on security video. But not for the acts of Socha *TITI IV* would not have ended up allided with *Third Child* and *Prestige*. At most had *TITI IV* become dislodged during that storm it would have run into the marsh alongside Lockwood Drive; however, Socha's unlawful acts of cutting the vessel's rodes and moving the vessel, as admitted (Dkt. No. 37), and placing the vessel in a negligent manner caused all of the damage to at least three vessels. Socha even stole Bulger's dinghy tender, preventing him access to his vessel. While the other vessels' owners informed Plaintiff that there rodes were partially cut, only one provided a photograph (Dkt. No. 36, Attachment 4/Exhibit C) and all others, once they learned that Plaintiff was submitting such evidence into this Court's file then they refused to provide photos or any affidavits stating that they do not want any involvement with having to go to court. These individuals' names have been mentioned in Plaintiff's Affidavits and motions. The security videos, including law enforcement acts of not reviewing security videos in the early morning hours of both January 8 and 9, 2024, support that they do not want to know if someone was out vandalizing the vessels' rodes. Again, Plaintiff is not litigating others claims, he has sought from this Court the appointment of counsel and that the matter be converted into a Class Action; however, these matters are of safety and that the acts of Socha caused for dangers conditions by way of negligently anchoring *TITI IV* after Socha unlawfully moved it. In other words, had the storm traveled in an easterly direction then Plaintiff's vessels would have been wiped out and possibly even sunken.

      i.    That the 124th session of SC Legislation redefining Title 50-21-30 was in regards to Abandoned vessels/boats/watercraft/structures and that Merrill altered the intent of SC Legislators by omitting words and broadening such by inserting his own rhetoric; viewable on the face of the document 2023-097. That both Merrill and Socha were interviewed on May 9,

2023, on live news on local CBS affiliate station Grey t.v. Inc. wherein they mentioned that a new law was being enacted. Later that day both Merrill and Socha took part in the Board's hearing wherein the Board motioned to adopt Merrill' Laws; incidentally only one reading was performed which by way of SC statute makes that ordinance enforceable. Also, as provided to this Court in (Dkt. No. 36, at Attachment 6/ Exhibit E) that no notice was provided to the public; thus, a violation of this Plaintiff's due process rights.

ii.     Merrill admitted to the above in his April 2, 2024, body cam video recording which was acquired by Plaintiff in discovery.

iii.     That the physical document Ordinance 2023-097 shows the words from SC Legislature scratched through and the addendums by the double underlined to include making algae a crime, causing for those to pay a tax to use the rivers, and commanding that a $300,000 dollar liability insurance policy be maintained in order to utilize the rivers within Merrill's made up boundary by extending Charleston's corporate jurisdiction.

iv.     Socha's and/or his non-profit acquired a permit OCRM 04513 from DHEC and/or SCCZMC agent Defendant Sarah Reed (Reed); Regulation 30 requires that only a property owner can obtain a permit application. Socha owns no land along Lockwood Drive, yet he used Defendant Isom's address; 7 Lockwood Drive, which is one-half mile away from the development of Socha's. (Dkt. No. 37) provides that Socha received permission from the land owners; who are the landowners of federal use lands? Socha's acts are supportive that he worked with CCHS police, SCDNR, and DHEC/SCCZMC and therefore there should be little confusion on whether or not he is indeed a state actor.

Thus, this Court is permitted, pursuant to FED. R. EVID. 201, to take judicial notice of these facts.

In <u>Flaff Bros., Inc. v. Brooks</u>, 98 S.Ct. 1729 (1978) Supreme Court Justice Rehnquist held that the case was not an action properly attributable to state of New York and thus was not state action as required for basis of action under federal civil rights statute proscribing a deprivation of fights, absent allegation of the participation of any public officials.  In that case the respondents failed to show that public officials participated.  Here in the case at hand Socha was aired on live television with the Governor of SC visiting *Cirrhosis of the River/ "Garbage"* , and soon thereafter Socha was aired on live t.v. with Merril and then being transcribed at a CCHS Board meeting wherein Merrill's Laws were enacted. Following such Socha acquired 12 acres of federal public use lands through DHEC/SCCZMC/REED of which he immediately moved with SCDNR to move Bulger's vessel and then he filed a lawsuit against this Plaintiff.  Clearly, Socha is a "State Actor".


### III.     CONCLUSION

Plaintiff's motion should be granted, and the Court should take judicial notice of Socha's mooring ball assaults, and vandalism to others vessels; however, most importantly is that Socha's letters confirm such and that he provides the evidence that he is indeed a State Actor therefrom pursuant to FED. R. EVID. 201.

WHEREFORE, Plaintiff requests for relief in that this Honorable Court take judicial notice of the above mentioned especially (Dkt. No. 37 and 48) and that Merrill's Laws are in direct violation of the U.S. Constitution and federal regulations as it is unconstitutional to demand a tax to use the rivers, that neither federal nor SC laws require for any insurance, and that to command that $300,000 be required is a direct attack to separate which group of society can then enjoy the rivers as such acts discriminate against those in a lesser financial bracket, and that the Defendants acts in condemning federal public use lands through DHEC/SCCZMC/ Agent REED be recognized as Plaintiff has a petition before the USCG and the Department of Interior for the 12 acre plot to become a Special Needs Anchorage area as opposed to a preventative use area; and further that SCCZMC rules were violated in providing Socha the 12 acres of federal public use lands and that it was done in retaliation due to Plaintiff's petitions, violating Plaintiff's First Amendment Rights, and that the overwhelming evidence is substantial that this Court find that Socha is indeed a SC State Actor and any further relief within this Court's ambit to dispense with in favor of this Plaintiff.

Respectfully submitted this 24th day of May, 2024.

David Anthony Babb
P.O. Box 522
Charleston, SC   29402