IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Anthony Babb,<br><br>　　　　Plaintiff,<br>　v.<br><br>David Isom, Rudy Socha, John J. Tecklenburg, Mike Merrill, S.C. Attorney General Alan Wilson, Wounded Nature - Working Veterans 501(c)(3), Sarah Reed,<br><br>　　　　Defendants. | Case No. 2:23-03218-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending that this Court dismiss this action without prejudice and deny Plaintiffs' motions to correct the caption (Dkt. No. 28) and initiate service of process of his case (Dkt. No. 43). (Dkt. No. 51). Plaintiff filed objections to the R&R. (Dkt. No. 65).

For the reasons set forth below, the Court adopts the R&R as the Order of the Court, denies Plaintiff's motions to correct the caption and initiate service of process and dismisses Plaintiff's action without prejudice.[1]

**I.　　Background**

Plaintiff's wide-ranging claims allege (1) a conspiracy by Defendants to prevent him from parking in a public parking lot in violation of his Fourteenth Amendment rights, (2) that Defendants have "perpetrate[d] a land grab of federal use lands/rivers" by "remov[ing] the eastern

---

[1] Plaintiff filed an interlocutory appeal of this Court's denial of his Motion for Reconsideration of the Court's Order denying his TRO Motion. (*See* Dkt. No. 53). As "[t]he denial of a temporary restraining order is not ordinarily appealable," Plaintiff's appeal is frivolous and does not divest this Court of jurisdiction over his case. *Ruffin v. Huffman*, 50 F.3d 7 (4th Cir. 1995) (per curiam).

1

side of the federal waters of the Ashely River . . . as an area for anchoring," (3) that Defendants have committed vandalism by dislodging mooring balls from boaters' vessels, (4) the violation of Plaintiff's due process rights resulting from the City of Folly Beach's enactment of an ordinance without sufficient notice to the public and/or Plaintiff, and claim that the subject ordinance discriminates against "those who do not rent from marinas" constituting a "violation of the U.S. Constitution's [Public Trust Doctrine]," (5) retaliation by Defendants "for this Plaintiff having petitioned the USCG and Secretary in attempting for these proper agencies to establish the area of waters/land for a Special Needs Anchoring area," (6) breach of fiduciary duty by the State of South Carolina with regards to the "U.S. [Public Trust Doctrine]," and (7) violation of Plaintiff's First Amendment right to expression by seeking to remove his garbage-covered vessels from the Ashley River. (*See* Dkt. No. 40). The Magistrate Judge recommends that Plaintiff's Second Amended Complaint be summarily dismissed due to his failure to state a cognizable federal claim and/or plead facts indicating the Court possesses admiralty jurisdiction over the case, and also notes the fact that the named actors are either not state actors or entitled to legislative immunity or Eleventh Amendment immunity. (Dkt. No. 51 at 4). The Magistrate Judge further recommends this Court should not exercise supplemental jurisdiction over any of Plaintiff's state law claims. (*Id.*).

**II.    Legal Standard**

    **A.  Review of R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B. Pro Se Standard

A district court may dismiss a pro se case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court

3

must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### III.  Discussion

Plaintiff filed 72 pages of "objections" to the R&R, which are rambling, haphazardly organized, and largely incomprehensible. (*See* Dkt. No. 65). Rather than cite to any specific purported error in the Magistrate Judge's reasoning or findings, the vast majority of Plaintiff's objections reflect his general disagreement with the Magistrate Judge's conclusions and his attempt to rehash or expand upon arguments previously made. To take one example, in response to the R&R's finding that "Plaintiff fails to state a cognizable claim," Plaintiff responds that "Plaintiff has stated a cognizable federal claim" and reiterates the arguments made in his complaint. (*Id.* at 10-11). Other of Plaintiff's objections are irrelevant to the disposition of his case. For example, Plaintiff spends 8 pages contesting a footnote in the R&R noting that "Plaintiff fails to provide a 'Facts' section in his Second Amended Complaint." (*Id.* at 2-10). He also objects to the R&R's reference to the "Court of Common Pleas for Charleston County" on the mistaken belief that "City" should be used in place of "County." (*Id.* at 42). Elsewhere in his Objections, Plaintiff delves into discussion of the Iran-Contra hearings (*id.* at 17), a purported cocaine supply deal between the United States and Columbia (*id.* at 17 n.21), a description of events surrounding the Ravenel Bridge's opening in July 2005 (*id.* at 47 n.36) and his date to a Christmas party (*id.* at 47-48 n.36). Finding no clear error with the R&R, this Court does not review these portions of Plaintiff's Objections *de novo*.

Throughout the entirety of the 72-pages, this Court is able to glean three objections by Plaintiff with the appropriate level of specificity to enable this Court's review. The first is Plaintiff's objection that "[t]his Court does possess jurisdiction in admiralty." (*Id.* at 11). Plaintiff

ignores that the R&R's finding was that "Plaintiff *fails to assert facts to indicate* that this Court possesses jurisdiction in admiralty as to this case." (Dkt. No. 51 at 17). Plaintiff's citation to case law regarding a federal court's admiralty subject matter jurisdiction is unavailing, as he does not cite facts vesting this Court with admiralty jurisdiction in this case. Plaintiff's objection is overruled.

Plaintiff's next objection concerns the R&R's recommendation that Plaintiff's state law claims should be dismissed in light of the *Younger* doctrine, which counsels federal courts to abstain from "interfer[ing] with a State's pending criminal proceedings" "absent extraordinary circumstances." (*Id.* at 7 (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Plaintiff claims that the "extraordinary circumstance" warranting federal intervention in his case is the fact that "the SC Criminal Livability Court has no jurisdiction" and "[n]o adequate remedy at law exists in the state courts." (Dkt. No. 65 at 32). The Court overrules Plaintiff's objection as meritless.

Finally, Plaintiff attempts to lodge an equal protection argument on the basis of his socioeconomic status. (*Id.* at 55-56). Plaintiff argues that the requirement that a boatowner maintain $300,000 in liability insurance "prevents the lower financial status group from ever being able to 'enjoy' the rivers use; despite that the [Public Trust Doctrine] specifically states that the rivers are 'free and outright forever for all without tax or impost'" and "[t]his brings indigence to the table to become inclusive in the Equality Act as it discriminates." (*Id.* at 55). He contends elsewhere that it "[s]eems unconstitutional to allow the wealthy to use the rivers but not Tom Sawyer." (*Id.* at 63; *see also id.* at 5 n.9). As the R&R explains, indigence or low socioeconomic status is not a protected class under the Equal Protection Clause. (Dkt. No. 51 at 12) (citing *Harris v. McRae*, 448 U.S. 297, 323 (1980) (holding that poverty, standing alone, is not a suspect class for an equal protection claim); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) (prisoners

5

and indigents are not a suspect class under the Equal Protection Clause)). Plaintiff's objection is overruled as a matter of law.

### IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 51) as the Order of the Court. Plaintiff's Second Amended Complaint (Dkt. No. 40) is **DISMISSED** without prejudice and without issuance of service of process. This order disposes of all other motions pending by Plaintiff, which appear as Dkt. Nos. 28, 42, 43, 44, 46, and 61.

**AND IT IS SO ORDERED.**

                                                                  _s/Richard M. Gergel_
                                                                   Richard Mark Gergel
                                                                   United States District Judge

July 25, 2024
Charleston, South Carolina