# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| David Anthony Babb,<br><br>      Plaintiff,<br>v.<br><br>David Isom, Rudy Socha, John J. Tecklenburg, Mike Merrill, S.C. Attorney General Alan Wilson, Wounded Nature - Working Veterans 501(c)(3), Sarah Reed,<br><br>      Defendants. | Case No. 2:23-03218-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's motion for reconsideration of the Court's July 25, 2024 Order dismissing Plaintiff's Second Amended Complaint without prejudice and without issuance of service of process. (Dkt. No. 77). For the reasons set forth below, Plaintiff's motion is denied.

**I.     Background**

By Order and Opinion dated July 25, 2024, the Court adopted the U.S. Magistrate Judge's Report & Recommendation ("R&R") to dismiss without prejudice Plaintiff's claims. Plaintiff filed the present motion for reconsideration on August 21, 2024. (Dkt. No. 77).

**II.    Legal Standard**

Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within twenty-eight days. Fed. R. Civ. P. 59(e). The Court may grant a motion for reconsideration only in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59 motion tests whether the Court's initial Order was "factually supported and legally justified." *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Therefore, the Court may

decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." *Harwley v. Comm'r of Soc. Sec. Admin.*, 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018).

### III.    Discussion

Plaintiff's motion for reconsideration does not cite an intervening change in controlling law, new evidence, clear error or a threat of manifest injustice resulting from the Court's order. As a result, none of the justifications for reconsideration are present here. Instead, Plaintiff seeks to relitigate his claims against Defendants David Isom, Rudy Socha and Wounded Nature – Working Veterans that were already presented to this Court. (Dkt. No. 77 at 2 (citing Dkt. Nos. 65 at 16-26, 74 at 12, 16-18)). A Rule 59(e) motion is not a proper forum to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *See* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (3d ed.). Because the Court finds that its Order and Opinion was "factually supported and legally justified," Plaintiff cannot meet the standard for reconsideration under Rule 59(e). *Hutchinson*, 994 F.2d at 1081-82.

### IV.    Conclusion

In light of the foregoing, the Court **DENIES** Plaintiff's motion for reconsideration.

**AND IT IS SO ORDERED.**

     s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 30, 2024
Charleston, South Carolina